## BRANHAM v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 22, 1953.

John S. Cary, Burkesville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Justice.

Clarence Branham is appealing from a judgment sentencing him to two years in prison on a charge of uttering a forged writing. The principal ground urged for reversal is that the trial court erred in forcing Branham into trial over his objections the day following the date on which the indictment was returned.

Branham had been indicted at an earlier term for uttering a cold check in the amount of $10. This constituted a misdemeanor. He was arrested, released on bond and his trial set for the 4th day of the 1952 November (November 20th) term. On November 19th, the grand jury returned an indictment charging Branham with uttering a cold check in an amount which constituted a felony.

The judgment recites that, when the case was called on November 20th, both sides announced ready for trial. However, the bill of exceptions, which was approved by the trial court, sets forth that, upon the calling of the case, counsel for Branham asked for a continuance on the ground that he was not ready for trial.

Section 185 of the Criminal Code of Practice provides that if the defendant be in custody, or on bail, when the indictment is found, or be summoned or arrested three days before the time fixed for the trial, the trial may take place at the same term of the court, at a time to be fixed by the court. Obviously, that section of the Code was not followed in the case at bar. Likewise there is a conflict in the recitation in the judgment that both parties announced ready and in the statement of the bill of exceptions which was approved by the trial court to the effect that Branham's counsel asked for a continuance.

Under the circumstances, we think the judgment should be and it is reversed.